■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY HINES, Also Known as RICKEY HINES, Appellant. [807 NYS2d 608]—

Appeal by the defendant from an order of the County Court, Nassau County (LaPera, J.), dated June 30, 2003, which, after a hearing pursuant to Correction Law article 6-C, designated him a level two sex offender.

Ordered that the order is affirmed.

A court, in the exercise of its discretion, may depart from the presumptive risk level determined by the Risk Assessment Instrument based upon the facts in the record (*see People v Inghilleri*, 21 AD3d 404, 405 [2005]; *People v Girup*, 9 AD3d 913 [2004]; *People v Guaman*, 8 AD3d 545 [2004]). However, "utilization of the risk assessment instrument will generally 'result in the proper classification in most cases so that departures will be the exception not the rule' " (*People v Guaman, supra* at 545, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]). "A departure from the presumptive risk level is warranted where 'there exists an aggravating or mitigating factor of a kind or to a degree not otherwise taken into account by the guidelines' " (*People v Inghilleri, supra* at 406, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]; *see People v Mount*, 17 AD3d 714, 715 [2005]; *People v Girup, supra; People v Guaman, supra*).

Contrary to the defendant's contention, the County Court properly relied on the statements in the case summary and probation report that the sexual offense occurred over a four-hour period as the basis for designating him a level two sex offender (*see People v Mitchell*, 300 AD2d 377 [2002]; *People v Dorato*, 291 AD2d 580 [2002]; *People v Scott*, 288 AD2d 763 [2001]). "Correction Law § 168-n (3) specifically authorizes a hearing court to utilize reliable hearsay evidence in reaching its determination" (*People v Brown*, 7 AD3d 595, 595 [2004]). That the statements at issue may have constituted double hearsay did not necessarily render them unreliable for purposes of a Sex Offender Registration Act hearing. Since the County Court's determination was supported by clear and convincing evidence, it will not be disturbed on appeal. Crane, J.P., Mastro, Fisher and Lunn, JJ., concur.