■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG HARDY, Appellant. [841 NYS2d 117]— Appeal by the defendant from an order of the Supreme Court, Queens County (Cooperman, J.), dated July 25, 2005, which, after a hearing and upon the stipulation of settlement in *Doe v Pataki* (3 F Supp 2d 456 [1998]), designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Under risk factor 7 of the Sex Offender Registration Act Guidelines (hereinafter the SORA Guidelines), 20 points are assessed if the sex offender's crime, inter alia, was "directed at a stranger" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 12 [1997 ed]). The SORA Guidelines also provide that "the term 'stranger' includes anyone who is not an actual acquaintance of the [offender]" (*id.* at 13).

In establishing an offender's appropriate risk level assessment under SORA, the People have "the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n [3]; *see People v Hegazy*, 25 AD3d 675, 676 [2006]; *People v Dickison*, 24 AD3d 980, 981 [2005]; *People v Arotin*, 19 AD3d 845, 847 [2005]).

Here, the proof presented by the People was sufficient to show, by clear and convincing evidence, that the victim was a "stranger" to the defendant within the meaning of the SORA Guidelines for risk factor 7.

Accordingly, the Supreme Court properly assessed 20 points under risk factor 7 for a total score of 125 points, placing the defendant's point range within that of a level three offender.

The defendant's remaining contentions are without merit. Rivera, J.P., Florio, Fisher and Dillon, JJ., concur.