■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BOWENS, Appellant. [866 NYS2d 291]—

Appeal by the defendant from an order of the Supreme Court, Richmond County (Meyer, J.), dated March 22, 2007, which, after a hearing, designated him a level three sex offender pursuant to Correction Law § 168-*l*.

Ordered that the order is affirmed, without costs or disbursements.

The defendant engaged in a sexual relationship with a 32-

year old woman Neisha, as well as with her 12-year-old daughter. Neisha learned of her daughter's sexual relationship with the defendant when her daughter gave birth to the defendant's child. The defendant does not controvert the assessment of 120 points to him by the Board of Examiners of Sex Offenders, but he contends that the Supreme Court improperly denied him a downward departure from level three to level two sex offender status. The defendant claims that such departure was warranted because he was romantically involved with the 12-year-old complainant, he had no history of sex crimes, and he was developmentally challenged.

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his request for a downward departure from his presumptive risk level three to a' risk level two. A court has the discretion to depart from the presumptive risk level based upon the facts in the record (*see People v Hines,* 24 AD3d 524, 525 [2005]; *People v Girup,* 9 AD3d 913 [2004]; *People v Guaman,* 8 AD3d 545 [2004]). It has been recognized, however, that "[u]tilization of the risk assessment instrument will generally 'result in the proper classification in most cases so that departures will be the exception not the rule' " (*People v Dexter,* 21 AD3d 403, 404 [2005], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [Nov. 1997]; *see People v Ventura,* 24 AD3d 527 [2005]; *People v Hines,* 24 AD3d at 525). A departure from the presumptive risk level is warranted where "there exists an aggravating or mitigating factor of a kind or to a degree not otherwise adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *see People v White,* 25 AD3d 677 [2006]; *People v Guaman,* 8 AD3d at 545). Further, there must be clear and convincing evidence of the existence of a special circumstance to warrant any departure (*see People v Dexter,* 21 AD3d at 404). Here, the defendant failed to present clear and convincing evidence of special circumstances warranting such a departure (*see People v Dexter,* 21 AD3d at 404). Moreover, the factors alleged by the defendant do not warrant a downward departure (*see People v Velez,* 38 AD3d 867, 868 [2007]; *People v Guaman,* 8 AD3d at 545). Skelos, J.P., Covello, Balkin and Dickerson, JJ., concur.