THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC GUITARD, Appellant. [871 NYS2d 205]—

The Supreme Court failed to sufficiently set forth its findings of fact and conclusions of law, as mandated by Correction Law § 168-n (3). However, remittal is not required since the record in this case is sufficient for this Court to make its own findings of fact and conclusions of law (*see People v Banks,* 48 AD3d 656 [2008]; *People v Penson,* 38 AD3d 866, 867 [2007]).

The defendant's contention that the Supreme Court denied him due process by using the Risk Assessment Instrument prepared by the Board of Examiners of Sex Offenders (hereinafter the Board) in determining his risk level is without merit (*see People v Flowers,* 35 AD3d 690, 690-691 [2006]; *People v Windham,* 37 AD3d 571 [2007], *affd* 10 NY3d 801 [2008]; *People v Bligen,* 33 AD3d 489, 489-490 [2006]).

The only factual challenge advanced by the defendant with regard to the scoring of the factors on the risk assessment instrument was addressed to the assessment of points for a history of drug abuse. Contrary to the defendant's claim, there need not be a showing of use of drugs at the time of the offense to warrant the assessment of points for a history of drug abuse (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15 [2006]). The defendant's admission to the daily use of marijuana since the age of 16 provided a sufficient basis for the assessment of 15 points.

There was clear and convincing evidence presented at the hearing of the facts necessary to sustain the assessment of all of the 130 points recommended by the Board, and the designation of the defendant as a level three sex offender based on that score (*see People v Garcia,* 56 AD3d 539 [2008]; *People v Pardo,* 50 AD3d 992 [2008]; *People v Turner,* 45 AD3d 747 [2007]; *People v Hines,* 24 AD3d 524 [2005]).

There also was clear and convincing evidence presented that the defendant was previously convicted of a felony sex offense. That predicate felony sex offense warranted an automatic override to a level three risk assessment, irrespective of the points scored on the risk assessment instrument. To the extent the defendant sought a downward departure from the level three determination resulting from the automatic override, or the numerical scoring, the defendant failed to present clear and convincing evidence of the existence of special circumstances to warrant a downward departure (*see People v Bowens,* 55 AD3d 809 [2008]; *People v Patterson,* 51 AD3d 750 [2008]; *People v Pardo,* 50 AD3d 992 [2008]; *People v Foy,* 49 AD3d 835 [2008]; *People v Melendez,* 33 AD3d 903 [2006]).

The defendant's remaining contention is without merit. Rivera, J.P., Angiolillo, Eng and Belen, JJ., concur.