■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL COLAVITO, Appellant. [900 NYS2d 675]—

Appeal by the defendant from an order of the Supreme Court, Richmond County (Rienzi, J.), dated August 29, 2008, which, after a hearing to redetermine the defendant's sex offender risk level pursuant to the stipulation of settlement in *Doe v Pataki* (3 F Supp 2d 456 [1998]), designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

A court has the discretion to depart from the presumptive risk level, as determined by use of the risk assessment instrument, based upon the facts in the record (*see People v Bowens,* 55 AD3d 809, 810 [2008]; *People v Taylor,* 47 AD3d 907, 907 [2008]; *People v Burgos,* 39 AD3d 520, 520 [2007]; *People v Hines,* 24 AD3d 524, 525 [2005]). However, "utilization of the risk assessment instrument will generally 'result in the proper classification in most cases so that departures will be the exception not the rule' " (*People v Guaman,* 8 AD3d 545 [2004], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [Nov. 1997]; *see People v Bowens,* 55 AD3d at 810; *People v Taylor,* 47 AD3d at 908; *People v Burgos,* 39 AD3d at 520; *People v Hines,* 24 AD3d at 525). A departure from the presumptive risk level is warranted where "there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *see People v Bowens,* 55 AD3d at 810; *People v Taylor,* 47 AD3d at 908; *People v Burgos,* 39 AD3d at 520; *People v Hines,* 24 AD3d at 525). Further, there must be clear and convincing evidence of the existence of a special circumstance to warrant such a departure (*see People v Bowens,* 55 AD3d at 810; *People v Burgos,* 39 AD3d at 520; *People v Agard,* 35 AD3d 568, 568 [2006]; *People v Ventura,* 24 AD3d 527 [2005]; *People v Dexter,* 21 AD3d 403, 404 [2005]).

Here, the Supreme Court providently exercised its discretion in denying the defendant's request for a downward departure, as the defendant failed to present clear and convincing evidence of special circumstances warranting such a departure (*see People v Bowens,* 55 AD3d at 810; *People v Taylor,* 47 AD3d at 908; *see also People v Wragg,* 41 AD3d 1273, 1274 [2007]; *People v Santos,* 25 Misc 3d 1212[A], 2009 NY Slip Op 52040[U] [2009]; *cf. People v Stevens,* 55 AD3d 892 [2008]). Covello, J.P., Dickerson, Eng and Austin, JJ., concur.