■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VASSILIOS VEVGAS, Appellant. [920 NYS2d 702]—

Appeal by the defendant from an order of the Supreme Court, Nassau County (Calabrese, J.), dated March 5, 2010, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The People met their burden of proving, by clear and convincing evidence, the facts supporting the defendant's adjudication as a level two sex offender (*see* Correction Law § 168-n [3]; *People v Mingo*, 12 NY3d 563, 571 [2009]). To the extent that the Supreme Court failed to set forth the findings of fact and conclusions of law upon which its determination was based as required by Correction Law § 168-n (3), remittal is not required because the record in this case is sufficient for this Court to make its own findings of fact and conclusions of law (*see People v King*, 74 AD3d 1162, 1162-1163 [2010]).

Contrary to the defendant's contention, the Supreme Court properly assessed 10 points under risk factor 1 for using forcible compulsion against the victim (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 8 [2006]) and 25 points under risk factor 2 for engaging in oral sexual conduct with the victim (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 9 [2006]; Penal Law § 130.00 [2] [a]).

Moreover, the Supreme Court providently exercised its discre-

tion in denying the defendant's application for a downward departure from his presumptive risk level status (*see People v Dingle*, 79 AD3d 834 [2010]; *People v Colavito*, 73 AD3d 1004, 1005 [2010]; *People v Bowens*, 55 AD3d 809, 810 [2008]; *People v Guaman*, 8 AD3d 545 [2004]). Mastro, J.P., Rivera, Austin and Roman, JJ., concur.