■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN HARRIS, Appellant. [940 NYS2d 127]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Guzman, J.), dated October 15, 2010, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Correction Law § 168-n (3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA) to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]). Here, the Supreme Court failed adequately to set forth its findings of fact and conclusions of law in its order. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (*see People v Lashway*, 66 AD3d 662, 662 [2009]; *People v Guitard*, 57 AD3d 751, 751 [2008]).

The People established, by clear and convincing evidence, that, in the commission of the underlying crimes, the defendant employed forcible compulsion, justifying the assessment of 10 points under risk factor 1 of the Risk Assessment Instrument (hereinafter the RAI). The complainant's grand jury testimony established, by clear and convincing evidence, that the defendant compelled her to comply with his demands by use of both physical force and express and implied threats, placing her in fear of immediate death or physical injury (*see* Penal Law § 130.00 [8]). Additionally, the Supreme Court properly deter-

mined that the assessment of 15 points under risk factor 11 of the RAI, based on a history of drug or alcohol abuse, was supported by clear and convincing evidence. The presentence report recited that the defendant was currently using alcohol and cocaine. It further stated that the defendant admitted to abusing cocaine and alcohol. The case summary prepared by the Board of Examiners of Sex Offenders indicated that the defendant had been convicted in 1993 of attempted criminal possession of a controlled substance in the seventh degree. The case summary also noted that the defendant had acknowledged that he had abused alcohol and cocaine, and that he participated in an alcohol treatment program in 2005. The case summary further stated that, while incarcerated, the defendant "scored alcoholic on the Michigan Alcoholism Screening Test." As a result, the defendant was recommended for a substance abuse treatment program, which he entered in February 2010. We conclude that the foregoing established, by clear and convincing evidence, that the assessment of 15 points on the RAI for a history of drug or alcohol abuse was appropriate, notwithstanding the fact that the defendant has participated in another treatment program while incarcerated. Accordingly, contrary to the defendant's contentions, based on all points assessed on the RAI, the Supreme Court properly determined that the defendant was a presumptive level two sex offender.

A court has the discretion to depart from the presumptive risk level, as determined by use of the RAI, based upon the facts in the record (*see People v Bowens*, 55 AD3d 809, 810 [2008]; *People v Taylor*, 47 AD3d 907, 907 [2008]; *People v Burgos*, 39 AD3d 520, 520 [2007]; *People v Hines*, 24 AD3d 524, 525 [2005]). However, "utilization of the risk assessment instrument will generally 'result in the proper classification in most cases so that departures will be the exception not the rule' " (*People v Guaman*, 8 AD3d 545, 545 [2004], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [Nov. 1997]; *see People v Bowens*, 55 AD3d at 810; *People v Taylor*, 47 AD3d at 908; *People v Burgos*, 39 AD3d at 520; *People v Hines*, 24 AD3d at 525).

A departure from the presumptive risk level is warranted where "there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *see People v Bowens*, 55 AD3d at 810; *People v Taylor*, 47 AD3d at 908; *People v Burgos*, 39 AD3d at 520; *People v Hines*, 24 AD3d at 525). A defendant seeking a downward departure need only es-

tablish the existence of an appropriate mitigating factor by a preponderance of the evidence (*see People v Wyatt*, 89 AD3d 112, 127-128 [2011], *lv denied* 18 NY3d 803 [2012]). "A sex offender's successful showing by a preponderance of the evidence of facts in support of an appropriate mitigating factor does not automatically result in the relief requested, but merely opens the door to the SORA court's exercise of its sound discretion upon further examination of all relevant circumstances" (*id.* at 127).

The Supreme Court providently exercised its discretion in denying the defendant's request for a downward departure from his presumptive designation as a risk level two sex offender, as the record does not reflect the existence of special circumstances warranting a downward departure. Under the circumstances of this case, neither the fact that the defendant is over 50 years of age, nor the fact that his convictions of the underlying sex offenses were his first sex offense convictions, warranted a downward departure from the defendant's presumptive risk level. Skelos, J.P., Dickerson, Belen and Miller, JJ., concur.