Appeal by the defendant from an order of the Supreme Court, Richmond County (Meyer, J.), dated May 6, 2010, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
Ordered that the order is affirmed, without costs or disbursements.
Correction Law § 168-n (3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]) to “render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based” (Correction Law § 168-n [3]). Here, the Supreme Court failed to set forth adequately its findings of fact and conclusions of law in its order. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (see People v Harris, 93 AD3d 704, 704 [2012]; People v Crandall, 90 AD3d 628, 629 [2011]; People v Lashway, 66 AD3d 662, 662 [2009]; People v Guitard, 57 AD3d 751, 751 [2008]).
*978 In establishing a defendant’s risk level pursuant to SORA, the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (see Correction Law § 168-n [3]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; People v Hewitt, 73 AD3d 880 [2010]; People v Chambers, 66 AD3d 748, 748 [2009]; People v Bright, 63 AD3d 1133, 1134 [2009]; People v Hardy, 42 AD3d 487 [2007]). “In assessing points, evidence may be derived from the defendant’s admissions, the victim’s statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders ... or any other reliable source, including reliable hearsay” (People v Crandall, 90 AD3d at 629; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; People v Mabee, 69 AD3d 820, 820 [2010]; see also People v Mingo, 12 NY3d 563 [2009]).
The only points challenged by the defendant before the Supreme Court, and the only points he challenges here, are the 15 points assessed under risk factor 11, based on a history of drug or alcohol abuse. Contrary to the defendant’s contentions, the People established the facts supporting the assessment of these points by clear and convincing evidence. According to the pre-sentence report, the defendant reported use of controlled substances and/or alcohol, although he claimed at that time that he had been drug-free for more than five years. He first used marijuana or hashish before the age of 16. According to the case summary, the defendant admitted to using marijuana. When the defendant was processed by what is now the Department of Corrections and Community Supervision, he scored in the “Strong Suggestion” range on the Michigan Alcohol Screening Test, and in the “Substance Abuse Indicated” range on the Simple Screening Instrument. The defendant was referred to a substance abuse treatment program. He also completed a sex offender program designed for chemically dependent inmates. In addition, the case summary establishes that the defendant has been convicted of, among other things, attempted criminal sale of a controlled substance in the third degree (see Penal Law §§ 110.00, 110.05, 220.39), and criminal possession of a controlled substance in the fifth degree (see Penal Law § 220.06). Based on the foregoing, the People established, by clear and convincing evidence, that the assessment of 15 points on the Risk Assessment Instrument for a history of drug or alcohol abuse was appropriate.
Accordingly, based on the points assessed, the Supreme Court *979 properly designated the defendant a level two sex offender. Mastro, J.E, Skelos, Florio and Dickerson, JJ., concur.