■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHNICK LACEWELL, Appellant. [962 NYS2d 193]—

Appeal by the defendant from an order of the Supreme Court, Richmond County (Rienzi, J.), dated July 25, 2008, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Correction Law § 168-n (3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA) to "render an

order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]). Here, the Supreme Court failed to adequately set forth its findings of fact and conclusions of law in its order. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (*see People v Finizio*, 100 AD3d 977 [2012]; *People v Thompson*, 95 AD3d 977, 977 [2012]; *People v Harris*, 93 AD3d 704, 704 [2012]; *People v Crandall*, 90 AD3d 628, 629 [2011]; *People v Lashway*, 66 AD3d 662, 662 [2009]; *People v Guitard*, 57 AD3d 751, 751 [2008]).

"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought" (*People v Finizio*, 100 AD3d at 978; *see* Correction Law § 168-n [3]; *see also* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; *People v Hewitt*, 73 AD3d 880 [2010]; *People v Chambers*, 66 AD3d 748, 748 [2009]; *People v Bright*, 63 AD3d 1133, 1134 [2009]; *People v Hardy*, 42 AD3d 487 [2007]). " 'In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay' " (*People v Finizio*, 100 AD3d at 978, quoting *People v Crandall*, 90 AD3d at 629; *see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; *People v Mabee*, 69 AD3d 820, 820 [2010]; *see also People v Mingo*, 12 NY3d 563 [2009]).

The only points challenged by the defendant before the Supreme Court were 10 points requested by the People under risk factor one for the use of forcible compulsion, which points were not assessed by the Board of Examiners of Sex Offenders (hereinafter the Board) on its risk assessment instrument (hereinafter RAI), and 30 points requested by the People under risk factor three, based on the number of victims, rather than the 20 points assessed by the Board under that risk factor. The assessment of these points was supported by clear and convincing evidence in the record in the form of the grand jury minutes, the case summary, and the presentence report. Accordingly, the Supreme Court properly assessed the defendant 140 total points, rendering him a presumptive level three sex offender.

A court has the discretion to depart from the presumptive risk level, based upon the facts in the record (*see People v Har-*

*ris*, 93 AD3d at 705; *People v Bowens*, 55 AD3d 809, 810 [2008]; *People v Taylor*, 47 AD3d 907, 907 [2008]; *People v Burgos*, 39 AD3d 520, 520 [2007]; *People v Hines*, 24 AD3d 524, 525 [2005]). A departure from the presumptive risk level is warranted where "there exists an aggravating or mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; *see People v Harris*, 93 AD3d at 705; *People v Bowens*, 55 AD3d at 810; *People v Taylor*, 47 AD3d at 908; *People v Burgos*, 39 AD3d at 520; *People v Hines*, 24 AD3d at 525). "A defendant seeking a downward departure need only establish the existence of an appropriate mitigating factor by a preponderance of the evidence" (*People v Harris*, 93 AD3d at 705-706; *see People v Wyatt*, 89 AD3d 112, 127-128 [2011]). " 'A sex offender's successful showing by a preponderance of the evidence of facts in support of an appropriate mitigating factor does not automatically result in the relief requested, but merely opens the door to the SORA court's exercise of its sound discretion upon further examination of all relevant circumstances' " (*People v Harris*, 93 AD3d at 706, quoting *People v Wyatt*, 89 AD3d at 127). Furthermore, the SORA court is not bound by the Board's recommendation of a downward departure, and is entitled to depart from that recommendation and determine the defendant's risk level based on the record before it (*see People v Herron*, 59 AD3d 414, 414 [2009]; *People v Taylor*, 48 AD3d 775, 776 [2008]; *People v Walker*, 47 AD3d 692, 693-694 [2008]).

The defendant is correct that, in denying his application for a downward departure, the Supreme Court recited the incorrect "clear and convincing evidence" standard rather than the applicable "preponderance of the evidence" standard (*see People v Wyatt*, 89 AD3d at 127-128). However, contrary to the defendant's contentions, the record does not reflect the existence of any mitigating factor warranting a downward departure. Accordingly, the Supreme Court properly denied the defendant's request for a downward departure from his presumptive designation as a risk level three sex offender.

The defendant's remaining contention is without merit. Dillon, J.P., Angiolillo, Dickerson and Hinds-Radix, JJ., concur.