Appeal by the defendant from an order of the Supreme Court, Kings County (Sullivan, J.), entered October 24, 2011, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
Ordered that the order is affirmed, without costs or disbursements.
*772 Correction Law § 168-n (3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) to “render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based” (Correction Law § 168-n [3]). Here, the Supreme Court failed to adequately set forth its findings of fact and conclusions of law in its order. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (see People v Lacewell, 103 AD3d 784 [2013], lv denied 21 NY3d 856 [2013]; People v Finizio, 100 AD3d 977, 977 [2012]; People v Thompson, 95 AD3d 977, 977 [2012]; People v Harris, 93 AD3d 704, 704 [2012]; People v Crandall, 90 AD3d 628, 629 [2011]; People v Lashway, 66 AD3d 662, 662 [2009]; People v Guitard, 57 AD3d 751, 751 [2008]).
“ ‘In establishing a defendant’s risk level pursuant to SORA, the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought’ ” (People v Lacewell, 103 AD3d at 785, quoting People v Finizio, 100 AD3d at 978; see Correction Law § 168-n [3]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; People v Hewitt, 73 AD3d 880 [2010]; People v Chambers, 66 AD3d 748, 748 [2009]; People v Bright, 63 AD3d 1133, 1134 [2009]; People v Hardy, 42 AD3d 487 [2007]). “In assessing points, evidence may be derived from the defendant’s admissions, the victim’s statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders ... or any other reliable source, including reliable hearsay” (People v Lacewell, 103 AD3d at 785 [internal quotation marks omitted]; see People v Mingo, 12 NY3d 563 [2009]; People v Finizio, 100 AD3d at 978; People v Crandall, 90 AD3d at 629; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]).
Here, the only points challenged by the defendant before the Supreme Court were the 30 points assessed under risk factor one based on the allegation that the defendant had been armed with a dangerous instrument at the time when he committed one of the underlying offenses. The defendant succeeded in this challenge, and the Supreme Court only assessed the defendant, who pleaded guilty to rape in the first degree (see Penal Law § 130.35 [1]), 10 points under risk factor one for the use of forcible compulsion. The assessment of these 10 points, as well as *773 135 points overall, was supported by clear and convincing evidence in the record. Accordingly, the Supreme Court properly assessed the defendant 135 total points, rendering him a presumptive level three sex offender.
The Supreme Court providently exercised its discretion in denying the defendant’s request for a downward departure from his presumptive designation as a risk level three sex offender, as the record does not reflect the existence of special circumstances warranting a downward departure (see generally People v Wyatt, 89 AD3d 112, 118-122 [2011]). Under the circumstances of this case, the defendant’s age, his physical condition, his participation in sex offender treatment while incarcerated, and his stable employment history prior to incarceration, considered individually and collectively, did not warrant a downward departure from the defendant’s presumptive risk level. Mastro, J.P., Dillon, Dickerson and Austin, JJ., concur.