■ THE PEOPLE OF STATE OF NEW YORK, Respondent, v FRANKLIN MARTINEZ-GUZMAN, Appellant. [970 NYS2d 93]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated June 18, 2012, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

A downward departure from a sex offender's presumptive risk level generally is warranted only where "there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account" by the Sex Offender Registration Act (hereinafter SORA) Guidelines (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; *see People v Fryer*, 101 AD3d 835, 836 [2012]; *People v Bowens*, 55 AD3d 809, 810 [2008]; *People v Taylor*, 47 AD3d 907, 908 [2008]; *People v Burgos*, 39 AD3d 520, 520 [2007]; *People v Hines*, 24 AD3d 524, 525 [2005]). "A defendant seeking a downward departure has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the SORA Guidelines; and (2) establishing the facts in support

of its existence by a preponderance of the evidence" (*People v Fryer*, 101 AD3d at 836; *see People v Watson*, 95 AD3d 978, 979 [2012]). " 'A sex offender's successful showing by a preponderance of the evidence of facts in support of an appropriate mitigating factor does not automatically result in the relief requested, but merely opens the door to the SORA court's exercise of its sound discretion upon further examination of all relevant circumstances' " (*People v Harris*, 93 AD3d 704, 706 [2012], quoting *People v Wyatt*, 89 AD3d 112, 127 [2011]).

To the extent that the defendant established facts that might warrant a downward departure from his presumptive risk level designation, upon examining all of the relevant circumstances, the County Court providently exercised its discretion in denying the defendant's application for a downward departure (*see People v Fryer*, 101 AD3d at 836; *cf. People v Goossens*, 75 AD3d 1171, 1171-1172 [2010]; *People v Brewer*, 63 AD3d 1604, 1605 [2009]). Accordingly, the defendant was properly designated a level two sex offender. Angiolillo, J.P., Dickerson, Sgroi and Hinds-Radix, JJ., concur.