Appeal by the defendant from an order of the County Court, Dutchess County (Forman, J.), dated October 4, 2011, which, upon a decision made after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
Ordered that the order is affirmed, without costs or disbursements.
In establishing a defendant’s risk level pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (see Correction Law § 168-n [3]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; People v Finizio, 100 AD3d 977, 977 [2012]). “In assessing points, evidence may be derived from the defendant’s admissions, the victim’s statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders ... or any other reliable source, including reliable hearsay” (People v Crandall, 90 AD3d 628, 629 [2011]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; see also People v Mingo, 12 NY3d 563, 571-572 [2009]).
The only points that the defendant unsuccessfully challenged before the County Court, and the only points he challenges on appeal, are the 25 points assessed under risk factor two, based on sexual intercourse with the victim, and the 20 points assessed under risk factor four, based on a continuing course of sexual misconduct. Contrary to the defendant’s contentions, the People established the facts supporting the assessment of these points by clear and convincing evidence. The information contained in the presentence investigation report prepared by the Michigan Department of Corrections Bureau of Probation and the case summary, which included statements made by the victim, demonstrated that the defendant engaged in at least two *614 acts of sexual contact with the victim and that one of those incidents included an act of sexual intercourse. Furthermore, the information in the presentence investigation report and the case summary derived from the victim’s medical reports established that the physical condition of the victim at the time she was examined demonstrated that the acts were separated by more than 24 hours. Contrary to the defendant’s contention, this information contained in the presentence investigation report and the case summary was reliable within the meaning of SORA (see People v Lewis, 37 AD3d 689, 689 [2007]; People v Hines, 24 AD3d 524, 525 [2005]; see also People v Mingo, 12 NY3d at 574; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, General Principles If 7 at 5 [2006]). Based on the foregoing, the People established, by clear and convincing evidence, that the defendant engaged in a continuing course of sexual misconduct that included sexual intercourse, and that the assessment of 25 points under risk factor two and 20 points under risk factor four was appropriate (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 9-10 [2006]).
The defendant’s remaining contentions are without merit.
Accordingly, based on the total of 120 points assessed, the County Court properly designated the defendant a level three sex offender. Angiolillo, J.E, Hall, Austin and Miller, JJ., concur.