Appeal by the defendant, as limited by his brief, from so much of an order of the County Court, Nassau County (O’Brien, J.), dated January 31, 2012, as, after a hearing to redetermine his sex offender risk level pursuant to the stipulation of settlement in Doe v Pataki (3 F Supp 2d 456 [SD NY 1998]), designated him a level three sex offender pursuant to Correction Law article 6-C.
Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.
In 1983, the defendant was convicted, upon a jury verdict, of rape in the first degree, sexual abuse in the first degree, and petit larceny (see People v Dash, 126 AD2d 737 [1987]). In evaluating the defendant for registration as a sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the County Court assessed the defendant a total of 115 points, which presumptively placed him in the level three sex offender category. As relevant to the instant appeal, at the SORA hearing, the County Court assessed the defendant 5 points under risk factor 9 and 10 points under risk factor 10 based upon the defendant’s prior juvenile delinquency adjudications. Additionally, the County Court assessed the defendant 10 points under risk factor 1, rejecting the prosecutor’s assertion that the defendant should be assessed 30 points under that category based on evidence that he was armed with a dangerous instrument during the commission of the rape. We affirm the order insofar as appealed from, but for reasons other than those set forth by the hearing court (see People v Neuer, 86 AD3d 926 [2011]; People v Larkin, 66 AD3d 592 [2009]; People v Hoffman, 62 AD3d 976 [2009]; People v Aldrich, 56 AD3d 1228 [2008]; see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539 [1983]).
As the People correctly concede, in light of this Court’s holding in People v Campbell (98 AD3d 5 [2012]), the defendant’s prior juvenile delinquency adjudications should not have been *908 considered in determining his appropriate risk level under SORA (see People v Felice, 100 AD3d 609 [2012]). Accordingly, the defendant should not have been assessed 5 points under risk factor 9 and 10 points under risk factor 10.
However, we agree with the People that the defendant should have been assessed 30 points, rather than 10, under risk factor 1 based on evidence that he was armed with a dangerous instrument during the commission of the rape (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 7-8 [2006]; People v Pettigrew, 14 NY3d 406, 409 [2010]; People v Williams, 90 AD3d 880 [2011]; People v Kost, 82 AD3d 729 [2011]). In establishing a defendant’s risk level assessment pursuant to SORA, “the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought” (People v Lacewell, 103 AD3d 784, 785 [2013] [internal quotation marks omitted]; see Correction Law § 168-n [3]; People v Finizio, 100 AD3d 977, 978 [2012]; People v Crandall, 90 AD3d 628, 629 [2011]; People v Hewitt, 73 AD3d 880 [2010]; People v Chambers, 66 AD3d 748, 748 [2009]). “In assessing points, evidence may be derived from the defendant’s admissions, the victim’s statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders ... or any other reliable source, including reliable hearsay” (People v Lacewell, 103 AD3d at 785 [internal quotation marks omitted]; People v Finizio, 100 AD3d at 978 [internal quotation marks omitted]; People v Crandall, 90 AD3d at 629; see People v Mabee, 69 AD3d 820, 820 [2010]; see also People v Mingo, 12 NY3d 563 [2009]). Here, as the People correctly point out, the presentence report prepared by the Department of Probation, the felony complaint sworn to and signed by the arresting officer, and the arrest report constituted “reliable hearsay” (Correction Law § 168-n [3]) and provided clear and convincing evidence that the defendant was armed with a dangerous instrument during the commission of the rape (see People v Mingo, 12 NY3d at 572; People u Williams, 95 AD3d 1093, 1093-1094 [2012]; People v Burch, 90 AD3d 1429, 1431 [2011]; People v Williams, 90 AD3d at 881; People v Conway, 47 AD3d 492, 493 [2008]; People v Hines, 24 AD3d 524, 525 [2005]). Contrary to the defendant’s contention, the fact that certain statements contained in these documents constituted “double hearsay” did not necessarily render them unreliable for purposes of a SORA hearing (see People v Hines, 24 AD3d at 525). Moreover, even though certain proof may not have been admissible at the criminal trial, the Legislature did not limit the types of materials admissible in a SORA proceed *909 ing to what would be admissible at a civil or criminal trial (see People v Mingo, 12 NY3d at 572; People v Wyatt, 89 AD3d 112, 117 [2011]).
Taking into account the above errors, the County Court should have assessed the defendant a total of 120 points, rather than 115. As this total score still makes him a presumptive level three sex offender, the order must be affirmed insofar as appealed from. Mastro, J.E, Leventhal, Austin and Sgroi, JJ., concur.