Appeal by the defendant from an order of the County Court, *654 Suffolk County (Kahn, J.), dated March 20, 2013, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
Ordered that the order is affirmed, without costs or disbursements.
In establishing a defendant’s risk level pursuant to the Sex Offender Registration Act (see Correction Law art 6-C), the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (see Correction Law § 168-n [3]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; People v Pettigrew, 14 NY3d 406, 408 [2010]).
Here, the defendant challenged an assessment of points under risk factor 11, for a history of alcohol abuse. In order to meet their burden with respect to the assessment of points under risk factor 11, “the People must show by clear and convincing evidence that the offender used alcohol in excess either at the time of the crime or repeatedly in the past” (People v Palmer, 20 NY3d 373, 378 [2013]). The People met that burden through the defendant’s admission to the Probation Department that he “suspected” that he had a problem with alcohol, as well as through evidence that the defendant had previously participated in outpatient treatment for alcohol abuse, scored in the “alcoholic” range on the Michigan Alcohol Screening Test upon his incarceration for the instant offense, was referred for alcohol abuse treatment in prison, and was previously convicted of driving while ability impaired by alcohol and aggravated driving while intoxicated (see People v Finizio, 100 AD3d 977, 978 [2012]; People v Harris, 93 AD3d 704, 705 [2012]; cf. People v Palmer, 20 NY3d 373 [2013]).
Accordingly, based on the points assessed, the County Court properly designated the defendant a level two sex offender. Skelos, J.P, Lott, Cohen and Hinds-Radix, JJ., concur.