Appeal by the defendant from an order of the County Court, Orange County (DeRosa, J.), dated November 28, 2012, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
Ordered that the order is affirmed, without costs or disbursements.
In establishing a defendant’s risk level pursuant to the Sex Offender Registration Act (see Correction Law art 6-C), the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (see Correction Law § 168-n [3]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; People v Pettigrew, 14 NY3d 406, 408 [2010]). “ ‘In assessing points, evidence may be derived from . . . the victim’s statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay’ ” (People v Barbour, 111 AD3d 813, 813-814 [2013], quoting People v Crandall, 90 AD3d 628, 629 [2011]; see Correction Law § 168-n [3]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; see also People v Mingo, 12 NY3d 563, 571-572 [2009]).
Contrary to the defendant’s contention, he was properly assessed points under risk factor four, for engaging in a continuing course of sexual misconduct against the victim. The People established, by clear and convincing evidence, the facts supporting the assessment of those points through the victim’s statement contained in the presentence report, which was supported by the indictment (see People v Thompson, 111 AD3d 613 [2013]; see also People v Bright, 63 AD3d 1133, 1134 [2009]; People v Hines, 24 AD3d 524 [2005]; cf. People v Lacewell, 103 AD3d 784, 785 [2013]).
The defendant’s remaining contentions are either without merit or not properly before this Court. Skelos, J.P, Dillon, Dickerson and Austin, JJ., concur.