Appeal by the defendant from an order of the Supreme Court, Kings County (DiMango, J.), dated November 23, 2010, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
Ordered that the order is affirmed, without costs or disbursements.
Correction Law § 168-n (3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) to “render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based” (Correction Law § 168-n [3]). Here, the Supreme Court failed to adequately set forth its findings of fact and conclusions of law in its order. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (see People v Grubbs, 107 AD3d 771, 772 [2013]; People v Lacewell, 103 AD3d 784, 784-785 [2013]; People v Finizio, 100 AD3d 977, 977 [2012]).
“In establishing a defendant’s risk level pursuant to SORA, the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought” (People v Grubbs, 107 AD3d at 772 [internal quotation marks omitted]; see Correction Law § 168-n [3]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; People v Lacewell, 103 AD3d at 785; People v Finizio, 100 AD3d at 978). “ Tn assessing points, evidence may be derived from the defendant’s admissions, the victim’s statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay’ ” *685 (People v Grubbs, 107 AD3d at 772, quoting People v Lacewell, 103 AD3d at 785; see People v Mingo, 12 NY3d 563 [2009]; People v Finizio, 100 AD3d at 978; People v Crandall, 90 AD3d 628, 629 [2011]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5).
Contrary to the defendant’s contention, he was properly assessed 15 points under risk factor 12 for not accepting responsibility for his conduct. The defendant’s lengthy disciplinary record while incarcerated, which had the effect of preventing him from participating in a sex offender treatment program, may be considered evidence of a refusal of treatment (see People v Peana, 68 AD3d 737 [2009]). Moreover, “[a]n offender who does not accept responsibility for his conduct or minimizes what occurred is a poor prospect for rehabilitation” (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15). In certain statements described in the presentence report and case summary concerning the underlying incident, the defendant minimized the nature of the incident (see People v Perry, 85 AD3d 890 [2011]). Accordingly, the Supreme Court properly assessed the defendant 15 points under risk factor 12 for failure to accept responsibility. Additionally, contrary to the defendant’s contention, the assessment of these points and 10 points under risk factor 13 for unsatisfactory conduct while confined did not amount to impermissible “double counting” (People v Ologbonjaiye, 109 AD3d 804, 805 [2013]; see People v O’Neal, 35 AD3d 302, 302 [2006]).
The Supreme Court providently exercised its discretion in denying the defendant’s request for a downward departure from his presumptive designation as a risk level two sex offender, as the record does not reflect the existence of special circumstances warranting a downward departure (see generally People v Wyatt, 89 AD3d 112, 118-122 [2011]). The majority of the factors upon which the defendant relied in support of his request for a downward departure were adequately taken into account by the Guidelines (see generally Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4; People v Martinez-Guzman, 109 AD3d 462 [2013]), and, otherwise, the factors on which the defendant relied did not “tend[ ] to establish a lower likelihood of reoffense or danger to the community” (People v Fryer, 101 AD3d 835, 836 [2012]; see People v Martinez-Guzman, 109 AD3d at 462-463; People v Watson, 95 AD3d 978, 979 [2012]).
The defendant’s remaining contentions are unpreserved for appellate review and, in any event, without merit.
Accordingly, the Supreme Court properly designated the de *686 fendant a level two sex offender pursuant to Correction Law article 6-C.
Dillon, J.E, Dickerson, Cohen and Duffy, JJ., concur.