■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY STEWART, Appellant. [996 NYS2d 729]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Walsh, J.), dated July 8, 2011, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

At a hearing conducted pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]) to determine the defendant's SORA risk level designation, the defendant conceded that he had been correctly assessed 95 points on the SORA risk assessment instrument (*see* Correction Law § 168-d [3]), which rendered him a presumptive level 2 offender, but requested that the Supreme Court downwardly depart from his presumptive risk level. The Supreme Court denied the defendant's request for a downward departure, but failed to adequately set forth its findings of fact and conclusions of law (*see* Correction Law § 168-d [3]). However, because the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (*see People v Brown*, 116 AD3d 1017 [2014]; *People v Grubbs*, 107 AD3d 771 [2013]; *People v Lacewell*, 103 AD3d 784 [2013]). Upon our review, we conclude that the Supreme Court properly denied the defendant's request for a downward departure to a level one sex offender (*see People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Johnson*, 11 NY3d 416, 421 [2008]; *People v Wyatt*, 89 AD3d 112, 127-128 [2011]; *People v Mendez*, 79 AD3d 834 [2010]). The defendant failed to establish, by a preponderance of the evidence, facts in support of the existence of a "mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by" the SORA Risk Assessment Guidelines (Sex Offender Registration Act:

Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter the SORA Guidelines]; *see People v Gillotti*, 23 NY3d at 861; *People v Wyatt*, 89 AD3d at 114-115, 120-121, 127-128; *People v King*, 74 AD3d 1162, 1163 [2010]; *People v Rios*, 57 AD3d 501, 502 [2008]; *People v Miller*, 48 AD3d 774, 775 [2008]; *People v White*, 25 AD3d 677 [2006]; *People v Inghilleri*, 21 AD3d 404, 406 [2005]). Among other things, the defendant failed to demonstrate, by a preponderance of the evidence, that his response to sex offender treatment was exceptional (*see* SORA Guidelines at 17; *People v Tisman*, 116 AD3d 1018 [2014]; *People v Jackson*, 114 AD3d 739 [2014]; *People v Pendleton*, 112 AD3d 600 [2013]; *People v Roldan*, 111 AD3d 909 [2013]), or that the victim's lack of consent resulted solely from her age (*see* SORA Guidelines at 9).

The defendant's remaining contentions are unpreserved for appellate review, and in any event, without merit. Mastro, J.P., Roman, Miller and Maltese, JJ., concur.