◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON STAPLETON, Appellant. [5 NYS3d 160]—

Appeal by the defendant from an order of the County Court, Nassau County (O'Brien, J.), dated September 24, 2012, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In establishing a defendant's risk level pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C), the People have "the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n [3]; *see People v Wyatt*, 89 AD3d 112, 117-118 [2011]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay" (*People v Crandall*, 90 AD3d 628, 629 [2011]; *see People v Mingo*, 12 NY3d 563, 573 [2009]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter SORA Guidelines]).

Contrary to the defendant's contention, the County Court properly assessed 20 points under risk factor 4, based on a continuing course of sexual misconduct (*see* SORA Guidelines at 10; *People v Lucius*, 122 AD3d 819 [2014]; *People v Mc-*

*Pherson*, 114 AD3d 653 [2014]), and 20 points under risk factor 5 for the age of the victim (*see* SORA Guidelines at 11). Further, the People presented clear and convincing evidence that the defendant did not genuinely accept responsibility for his conduct and minimized his behavior (*see People v Dallas*, 122 AD3d 698 [2014]; *People v Johnson*, 118 AD3d 684, 685 [2014]; *People v Farrice*, 100 AD3d 976, 977 [2012]), thus warranting the assessment of 10 points under risk factor 12 for not accepting responsibility. The defendant was also properly assessed 15 points under risk factor 14 for being released into the community without supervision (*see* SORA Guidelines at 17; *People v Fryer*, 101 AD3d 835 [2012]). In addition, the County Court properly denied the defendant's request for a downward departure from the presumptive level two designation (*see People v Gillotti*, 23 NY3d 841, 845, 861 [2014]; *People v Wyatt*, 89 AD3d at 131). Accordingly, the County Court properly designated the defendant a level two sex offender. Rivera, J.P., Miller, Hinds-Radix and Duffy, JJ., concur.