◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY ROJAS, Appellant. [24 NYS3d 669]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated February 13, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In 1989, the defendant was convicted in the United States District Court for the Eastern District of North Carolina of aggravated sexual abuse of a female acquaintance. While threatening the victim with a machete, the defendant raped the victim and forced her to have oral and anal sex with him. He was sentenced to 27 years and three months in prison.

Upon the defendant's release to a federal halfway house, the Board of Examiners of Sex Offenders considered his sex offender status and assessed him 110 points, rendering him presumptively a level three sex offender. The defendant challenged the assessment of 15 points for abuse of drugs, which was based upon his admission to a probation officer preparing

his presentence report in 1989 that he previously used heroin but had not done so since 1984. The defendant also challenged the assessment of 10 points for failure to accept responsibility, which was based upon his conviction by verdict and the fact that he still maintained at sentencing that the sex with the victim was consensual (*see United States v Rojas*, 935 F2d 268 [4th Cir 1991] [table; text at 1991 WL 89927, 1991 US App LEXIS 11012 (1991)]).

At the hearing on the defendant's sex offender status, the defendant admitted that he raped the victim and further stated that he took a victim empathy course while in federal prison. However, he claimed that he was unable to complete a sex offender treatment program because none was available to him in federal prison. He submitted a letter to the court, stating that at the time he committed this crime he was young and ignorant and suffered from low self-esteem. He further stated that he was "sincerely and horribly sorry for" his crime.

The Supreme Court, in a written decision, rejected the defendant's arguments. With respect to the defendant's claim that he had not used heroin since 1984, the court noted that the defendant was convicted of criminal possession of a controlled substance for an incident in 1985. With respect to the defendant's alleged failure to accept responsibility, the court found that his "so-called" acceptance of responsibility was "a last minute attempt to escape the imposition of points."

"The People bear the burden of establishing, by clear and convincing evidence, the facts supporting the assessment of points under the Guidelines issued by the Board of Examiners of Sex Offenders" (*People v Torres*, 124 AD3d 744, 745 [2015]). In support of their case, the People may rely upon case summaries prepared by the Board of Examiners of Sex Offenders and presentence reports (*see People v Mingo*, 12 NY3d 563, 573 [2009]).

As noted by the Supreme Court, the defendant's presentence report indicated that he admitted to using heroin, but claimed he had not done so since 1984. However, in 1985, he was apprehended selling heroin in glassine envelopes, indicating that he was still involved with heroin. Thus, the court properly assessed points for abuse of drugs.

The defendant's failure to complete a sex offender treatment program, and his failure to admit his guilt prior to sentencing—even after the jury rendered a guilty verdict—was evidence of failure to accept responsibility (*see People v Rogowski*, 96 AD3d 1113, 1114 [2012]). Further, the defendant's claim in his letter to the court that he committed the crime

while he was young and ignorant and suffering from low self-esteem indicates that he did not accept responsibility but was minimizing his conduct (*see People v Stapleton*, 125 AD3d 951, 952 [2015]; *People v Johnson*, 118 AD3d 684, 685 [2014]).

Accordingly, the defendant's arguments were properly rejected by the Supreme Court, and the defendant was properly designated a level three sex offender. Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.