People v Aller (2018 NY Slip Op 06124)





People v Aller


2018 NY Slip Op 06124


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-01251

[*1]People of State of New York, respondent,
v
Filiberto Aller, appellant.


Paul Skip Laisure, New York, NY (Angad Singh of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, William H. Branigan, and Rachel N. Houle of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Gene R. Lopez, J.), dated December 22, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon a jury verdict, of rape in the first degree, sodomy in the first degree, and sexual abuse in the first degree, among other charges. After a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C), the Supreme Court designated the defendant a level two sex offender.
The People failed to meet their burden of demonstrating, by clear and convincing evidence (see People v Pettigrew, 14 NY3d 406, 408), that the assessment of 15 points under risk factor 1 was proper. Nevertheless, as the defendant correctly concedes, 10 points should have been assessed under risk factor 1 for his use of forcible compulsion, resulting only in a net reduction of 5 points, which does not change the defendant's presumptive risk level.
Contrary to the defendant's contention, a downward departure from his presumptive risk level was not warranted. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720). Here, although the defendant demonstrated the existence of mitigating factors, considering the totality of the circumstances, including the nature of the crime, which reflects the potential for great harm if the defendant were to reoffend, his designation as a level two sex offender did not result in an [*2]overassessment of his risk level (see People v Gillotti, 23 NY3d at 861; Guidelines at 2; see also People v Shelton, 126 AD3d 959, 960; People v Grubbs, 107 AD3d 771, 773).
BALKIN, J.P., SGROI, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court