People v Delancey (2019 NY Slip Op 09043)





People v Delancey


2019 NY Slip Op 09043


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2016-11309

[*1]People of State of New York, respondent, 
v
Daniel Delancey, appellant. Janet E. Sabel, New York, NY (Ronald Alfano of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Deborah Dowling, J.), dated September 21, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that order is affirmed, without costs or disbursements.
The defendant challenges his designation as a level two sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA) following his conviction, upon a plea of guilty, of sexual abuse in the first degree (Penal Law § 130.65). On appeal, the defendant challenges the assessment of points under risk factors 11 and 14.
We agree with the Supreme Court's assessment of 15 points under risk factor 11 for a history of alcohol abuse. In establishing an offender's appropriate risk level under SORA, "the People have the burden of proving the facts supporting the determinations sought by clear and convincing evidence'" (People v Stapleton, 125 AD3d 951, 951, quoting Correction Law § 168-n[3]; see People v Pettigrew, 14 NY3d 406, 408; People v Mingo, 12 NY3d 563, 571). Here, the People met their burden as to risk factor 11 through the defendant's admissions in the presentence report that he started drinking alcohol and smoking marijuana at age nine and has been in alcohol and substance abuse counseling since 1998 (see People v Adkinson, 175 AD3d 612; People v Arrahman, 144 AD3d 1009, 1010).
As the defendant contends, the Supreme Court should not have assessed five points under risk factor 14, since the People failed to prove by clear and convincing evidence that the defendant would not be subject to specialized supervision. At the SORA hearing, the court executed a form entitled "Additional Conditions of Probation for Sex Offenders," which subjected the defendant to specialized supervision by the Department of Probation. However, even deducting these five points, the resulting score still places the defendant in the presumptive risk level two category.
DILLON, J.P., AUSTIN, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court