*973 Appeal by the defendant from an order of the Supreme Court, Richmond County (Rienzi, J.), dated October 28, 2011, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
Ordered that the order is affirmed, without costs or disbursements.
Correction Law § 168-n (3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA) to “render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based” (Correction Law § 168-n [3]). Here, the Supreme Court failed to adequately set forth its findings of fact and conclusions of law in its order. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (see People v Eaton, 105 AD3d 722, 722-723 [2013]; People v Finizio, 100 AD3d 977 [2012]).
The People bear the burden of establishing, by clear and convincing evidence, the facts supporting the assessment of points under the Guidelines issued by the Board of Examiners of Sex Offenders under SORA (see Correction Law art 6-C; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; People v Harris, 100 AD3d 727, 727 [2012]; People v Thompson, 95 AD3d 977, 977 [2012]). Here, the Supreme Court properly designated the defendant a level two sex offender. Contrary to the defendant’s contention, clear and convincing evidence established that he had a history of drug abuse (see People v Palmer, 20 NY3d 373, 377-378 [2013]). Thus, the court appropriately assessed him 15 points under risk factor 11 (Drug or Alcohol Abuse). Including those 15 points, the total assessment of 80 points presumptively classified the defendant as a level two sex offender.
To the extent that the defendant established facts that might warrant a downward departure from his presumptive risk level designation (see People v Wyatt, 89 AD3d 112, 124 [2011]), upon examining all of the circumstances relevant to the defendant’s risk of reoffense and danger to the community, the Supreme Court providently exercised its discretion in denying the defendant’s application for a downward departure (see People v Eaton, 105 AD3d at 723). Mastro, J.E, Skelos, Balkin and Leventhal, JJ., concur.