“A downward departure from a sex offender’s presumptive risk level generally is warranted only where ‘there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account’ by the Sex Offender Registration Act (hereinafter SORA) Guidelines” (People v Martinez-Guzman, 109 AD3d 462, 462 [2013], lv denied 22 NY3d 854 [2013], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; see People v Fryer, 101 AD3d 835, 836 [2012]). “ ‘A defendant seeking a downward departure has the initial burden of (1) identifying, as *743 a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the SORA Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence’ ” (People v Martinez-Guzman, 109 AD3d at 462-463, quoting People v Fryer, 101 AD3d at 836; see People v Watson, 95 AD3d 978, 979 [2012]). “ ‘A sex offender’s successful showing by a preponderance of the evidence of facts in support of an appropriate mitigating factor does not automatically result in the relief requested, but merely opens the door to the SORA court’s exercise of its sound discretion upon further examination of all relevant circumstances’ ” (People v Harris, 93 AD3d 704, 706 [2012], quoting People v Wyatt, 89 AD3d 112, 127 [2011]; see People v Martinez-Guzman, 109 AD3d at 463).
Here, to the extent that the defendant established facts that might warrant a downward departure from his presumptive risk level designation, upon examining all of the relevant circumstances, the County Court providently exercised its discretion in denying the defendant’s application for a downward departure (see People v Johnson, 109 AD3d 972, 973 [2013]; People v Martinez-Guzman, 109 AD3d at 463; People v Carroll, 102 AD3d 848, 849 [2013]).
Under the circumstances of this case, the County Court providently exercised its discretion in denying the defendant’s request, in effect, for an adjournment of the SORA hearing (see People v Santiago, 89 AD3d 911, 911 [2011]; People v Sherard, 73 AD3d 537, 537 [2010]; People v Di John, 48 AD3d 1302, 1303 [2008]).
Accordingly, the defendant was properly designated a level two sex offender. Rivera, J.P., Dickerson, Leventhal and Hall, JJ., concur.