(July 11, 2014)

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEIL GILLOTTI, Appellant. [989 NYS2d 752]—

Appeal from an order of the Niagara County Court (Matthew J. Murphy, III, J.), dated October 17, 2011. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. The order was affirmed by order of this Court entered March 15, 2013 in a memorandum decision (104 AD3d 1155 [2013]), and defendant on June 11, 2013 was granted leave to appeal to the Court of Appeals from the order of this Court (21 NY3d 858 [2013]), and the Court of Appeals on June 10, 2014 reversed the order and remitted the case to this Court for further proceedings (23 NY3d 841 [2014]).

Now, upon remittitur from the Court of Appeals,

It is hereby ordered that, upon remittitur from the Court of Appeals, the order so appealed from is unanimously affirmed without costs.

Memorandum: This case is before us on remittal from the Court of Appeals (People v Gillotti, 104 AD3d 1155 [2013], revd 21 NY3d 858 [2014]). We previously affirmed an order determining that defendant is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.) and

concluded that, inter alia, defendant " 'failed to present clear and convincing evidence of special circumstances justifying a downward departure' of his risk level" (*Gillotti*, 104 AD3d at 1155). In resolving a split in authority between the departments of the Appellate Division with respect to the applicable standard of proof, the Court of Appeals determined that a defendant seeking a downward departure must prove the facts warranting such a departure only by a preponderance of the evidence and remitted the matter to this Court to apply that standard of proof (*Gillotti*, 23 NY3d at —, 2014 NY Slip Op 04117, *11). Upon remittitur, we conclude that defendant, who submitted the testimony of friends and relatives and the report of an expert, failed to establish by a preponderance of the evidence any ground for a downward departure from his risk level (*see People v Worrell*, 113 AD3d 742, 742-743 [2014]). Present—Scudder, P.J., Fahey, Lindley and Valentino, JJ.