# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**89/13**
**KA 12-00297**
PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

NEIL GILLOTTI, DEFENDANT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------

Appeal from an order of the Niagara County Court (Matthew J. Murphy, III, J.), dated October 17, 2011.  The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.  The order was affirmed by order of this Court entered March 15, 2013 in a memorandum decision (104 AD3d 1155), and defendant on June 11, 2013 was granted leave to appeal to the Court of Appeals from the order of this Court (21 NY3d 858), and the Court of Appeals on June 10, 2014 reversed the order and remitted the case to this Court for further proceedings (___ NY3d ___ [June 10, 2014]).

Now, upon remittitur from the Court of Appeals,

It is hereby ORDERED that, upon remittitur from the Court of Appeals, the order so appealed from is unanimously affirmed without costs.

Memorandum:  This case is before us on remittal from the Court of Appeals (*People v Gillotti*, 104 AD3d 1155, *revd* ___ NY3d ___ [June 10, 2014]).  We previously affirmed an order determining that defendant is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq*.) and concluded that, inter alia, defendant " 'failed to present clear and convincing evidence of special circumstances justifying a downward departure' of his risk level" (*Gillotti*, 104 AD3d at 1155).  In resolving a split in authority between the departments of the Appellate Division with respect to the applicable standard of proof, the Court of Appeals determined that a defendant seeking a downward departure must prove the facts warranting such a departure only by a preponderance of the evidence and remitted the matter to this Court to apply that standard of proof (*Gillotti*, ___ NY3d at ___).  Upon remittitur, we conclude that defendant, who submitted the testimony of friends and relatives and the report of an expert, failed to establish by a preponderance of

the evidence any ground for a downward departure from his risk level
(*see People v Worrell*, 113 AD3d 742, 742-743).

Entered:  July 11, 2014                       Frances E. Cafarell
                                              Clerk of the Court