# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1156**
**KA 14-00677**
PRESENT: SMITH, J.P., PERADOTTO, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JONATHAN C. SMITH, DEFENDANT-APPELLANT.

---

NORMAN P. EFFMAN, PUBLIC DEFENDER, WARSAW (GREGORY A. KILBURN OF COUNSEL), FOR DEFENDANT-APPELLANT.

DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (MARSHALL A. KELLY OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Wyoming County Court (Mark H. Dadd, J.), dated July 17, 2013. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). We reject defendant's contention that County Court erred in denying his request for a downward departure from his presumptive risk level. A departure from the presumptive risk level is warranted if there is "an aggravating or mitigating factor of a kind or to a degree, that is otherwise not adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [Guidelines]). "A defendant seeking a downward departure has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence' " (*People v Watson*, 95 AD3d 978, 979; *see People v Gillotti*, 23 NY3d 841, 861; *People v Worrell*, 113 AD3d 742, 742-743). "A sex offender's successful showing by a preponderance of the evidence of facts in support of an appropriate mitigating factor does not automatically result in the relief requested, but merely opens the door to the SORA court's exercise of its sound discretion upon further examination of all relevant circumstances" (*Worrell*, 113 AD3d at 743 [internal quotation marks omitted]). Although defendant correctly contends that the Guidelines recognize that "[a]n offender's response to treatment, if exceptional,

can be the basis for a downward departure" (Guidelines, at 17), we note that the Guidelines are merely permissive. Even assuming, arguendo, that defendant established facts that his response to treatment was exceptional so as to warrant a downward departure, we conclude upon examining all of the relevant circumstances that the court providently exercised its discretion in denying defendant's request for a downward departure (*see Worrell*, 113 AD3d at 743).

Entered:  November 14, 2014                     Frances E. Cafarell
                                                Clerk of the Court