# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**411**
**KA 13-01959**
PRESENT: SMITH, J.P., VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                              MEMORANDUM AND ORDER

DARYLL J. CLARK, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------

        Appeal from an order of the Monroe County Court (John Lewis DeMarco, J.), entered October 3, 2013.  The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

        It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

        Memorandum:  Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq*.).  Contrary to defendant's contention, County Court did not abuse its discretion in refusing to grant him a downward departure from his presumptive risk level.  "A defendant seeking a downward departure has the initial burden of ' . . . identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account' " by the risk assessment guidelines (*People v Watson*, 95 AD3d 978, 979).  Here, defendant asserted as mitigating factors that the statutory rape of which he was convicted does not usually result in a level three risk assessment and that the risk assessment instrument yielded the minimum amount of points to qualify as a level three risk, and we conclude that those are not "appropriate mitigating factor[s]" (*id.; cf. People v Smith*, 122 AD3d 1325, 1326; *People v Martinez-Guzman*, 109 AD3d 462, 462, *lv denied* 22 NY3d 854).  With respect to defendant's contention that a downward departure was warranted by his success in treatment, we agree that "[a]n offender's response to treatment, if exceptional, can be the basis for a downward departure" (Sex Offender Registration Act:  Risk Assessment Guidelines and Commentary at 17 [2006]).  "Even assuming, arguendo, that defendant established facts that his response to treatment was exceptional so as to warrant a downward departure, we

conclude upon examining all of the relevant circumstances that the court providently exercised its discretion in denying defendant's request for a downward departure" (*Smith*, 122 AD3d at 1326; *see People v Worrell*, 113 AD3d 742, 743).

Entered:  March 27, 2015                     Frances E. Cafarell
                                             Clerk of the Court