Appeal from an order of the Monroe County Court (John Lewis DeMarco, J.), entered October 3, 2013. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). Contrary to defendant’s contention, County Court did not abuse its discretion in refusing to grant him a downward departure from his presumptive risk level. “A defendant seeking a downward departure has the initial burden of ‘ . . . identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account’ ” by the risk assessment guidelines (People v Watson, 95 AD3d 978, 979 [2012]). Here, defendant asserted as mitigating factors that the statutory rape of which he was convicted does not usually result in a level three risk assessment and that the risk assessment instrument yielded the minimum amount of points to qualify as a level three risk, and we conclude that those are not “appropriate mitigating factor[s]” (id.; cf. People v Smith, 122 AD3d 1325, 1326 [2014]; People v Martinez-Guzman, 109 AD3d 462, 462 [2013], lv denied 22 NY3d 854 [2013]). With respect to defendant’s contention that a downward departure *1541 was warranted by his success in treatment, we agree that “[a]n offender’s response to treatment, if exceptional, can be the basis for a downward departure” (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]). “Even assuming, arguendo, that defendant established facts that his response to treatment was exceptional so as to warrant a downward departure, we conclude upon examining all of the relevant circumstances that the court providently exercised its discretion in denying defendant’s request for a downward departure” (Smith, 122 AD3d at 1326; see People v Worrell, 113 AD3d 742, 743 [2014]).
Present — Smith, J.P., Valentino, Whalen and DeJoseph, JJ.