# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

737
KA 14-00966
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MICHAEL BUTLER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Francis A. Affronti, J.), entered May 5, 2014. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.). We reject defendant's contention that Supreme Court erred in denying his request for a downward departure from his presumptive risk level. While defendant correctly contends that "[a]n offender's response to treatment, if exceptional, can be the basis for a downward departure" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 17 [2006]), we conclude that "defendant failed to prove by a preponderance of the evidence that his response to treatment was exceptional" (*People v Torres*, 124 AD3d 744, 746; *see People v Stewart*, 123 AD3d 784, 785, *lv denied* 24 NY3d 916). We thus further conclude that "defendant failed to meet his burden of 'prov[ing] the existence of the alleged mitigating factor[] . . . by a preponderance of the evidence' " (*People v Colon*, 124 AD3d 1340, 1340, *lv denied* 25 NY3d 902, quoting *People v Gillotti*, 23 NY3d 841, 861).

In any event, it is well established that "[a] sex offender's successful showing by a preponderance of the evidence of facts in support of an appropriate mitigating factor does not automatically result in the relief requested, but merely opens the door to the SORA court's exercise of its sound discretion upon further examination of all relevant circumstances" (*People v Worrell*, 113 AD3d 742, 743 [internal quotation marks omitted]; *see People v Smith*, 122 AD3d 1325,

1326).  Even assuming, arguendo, that defendant established that his response to treatment was exceptional, we nevertheless conclude that the court providently exercised its discretion in denying defendant's request for a downward departure (*see Smith*, 122 AD3d at 1326).

Entered:  June 12, 2015                                    Frances E. Cafarell
                                                           Clerk of the Court