# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1412**

**KA 14-01914**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DERECK M. CATHY, DEFENDANT-APPELLANT.

---

JAMES S. KERNAN, PUBLIC DEFENDER, LYONS (DAVID M. PARKS OF COUNSEL), FOR DEFENDANT-APPELLANT.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (BRUCE A. ROSEKRANS OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Wayne County Court (Daniel G. Barrett, J.), dated October 1, 2014. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.), defendant contends that County Court erred in calculating his risk level, and that he was entitled to a downward departure from his presumptive risk level. We reject those contentions.

Contrary to defendant's contention, the court properly assessed 15 points for defendant's drug and alcohol use under risk factor 11. According to the SORA 2006 Risk Assessment Guidelines and Commentary (Guidelines), that factor "focuses on the offender's history of [substance] abuse and the circumstances at the time of the offense" (*id.* at 15). "[T]he fact that alcohol was not a factor in the underlying offense is not dispositive inasmuch as the [G]uidelines further provide that '[a]n offender need not be abusing alcohol or drugs at the time of the instant offense to receive points in this category' " (*People v Faul*, 81 AD3d 1246, 1248). In addition, although we agree with defendant that the court erred in calculating his total point score, the correct total of 100 points would still yield a presumptive level two assessment. We have considered defendant's further contentions with respect to the court's point assessments, and we conclude that they are without merit. Thus, the court properly concluded that defendant is a presumptive level two risk.

Furthermore, the court did not err in denying defendant's request for a downward departure from that level inasmuch as defendant "failed to establish by a preponderance of the evidence any ground for a downward departure from his risk level" (*People v Gillotti*, 119 AD3d 1390, 1391; *see People v Martinez-Guzman*, 109 AD3d 462, 463, *lv denied* 22 NY3d 854).  Defendant is correct that "[a] court may choose to downwardly depart from the presumptive risk assessment level 'in an appropriate case and in those instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points [for sexual contact with the victim, risk factor 2] results in an over-assessment of the offender's risk to public safety' " (*People v Fryer*, 101 AD3d 835, 836, *lv denied* 20 NY3d 859, quoting Guidelines, at 9).  Here, however, based on defendant's repeated sexual contact with a person he knew to be less than the age of consent, resulting in her becoming pregnant, and his lack of remorse, it cannot be said that the 25 points assessed for sexual contact with the victim "result[ed] in an over-assessment" of defendant's risk to public safety (*id.; see People v Sawyer*, 78 AD3d 1517, 1518, *lv denied* 16 NY3d 704).

Entered:  December 31, 2015                    Frances E. Cafarell
                                               Clerk of the Court