# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

653

KA 14-01893

PRESENT: CENTRA, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

LORENZO GEORGE, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Monroe County Court (Christopher S. Ciaccio, J.), entered September 15, 2014. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously modified in the exercise of discretion by determining that defendant is a level two risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). Pursuant to the total risk factor score in the risk assessment instrument, defendant was presumptively a level three risk. The evidence at the SORA hearing established that the 19-year-old defendant engaged in nonforcible sexual intercourse with a 14-year-old female acquaintance. Defendant was convicted upon his guilty plea of, among other things, sexual misconduct (Penal Law § 130.20 [1]), a class A misdemeanor, and the original charge of rape in the second degree (§ 130.30 [1]) was dismissed.

We agree with defendant that a downward departure from the presumptive risk level is warranted in this case. Contrary to the contention of the People, we conclude that defendant preserved for our review his request for a downward departure inasmuch as he asked County Court to exercise its discretion to depart from the recommendation of the Board of Examiners of Sex Offenders (*cf. People v Johnson*, 11 NY3d 416, 421; *see generally Matter of New York State Bd. of Examiners of Sex Offenders v Ransom*, 249 AD2d 891, 891-892). In light of the totality of the circumstances, particularly the relatively slight age difference between defendant and the victim, as

well as the undisputed evidence that the victim's lack of consent was premised only on her inability to consent by virtue of her age, we conclude in the exercise of our own discretion that the assessment of 25 points under the second risk factor, for sexual contact with the victim, results in an overassessment of defendant's risk to public safety (*see People v Carter*, 138 AD3d 706, 707-708; Sex Offender Registration Act:  Risk Assessment Guidelines and Commentary, at 9 [2006]; *see generally People v Goossens*, 75 AD3d 1171, 1172).  We therefore modify the order by determining that defendant is a level two risk.

Entered:  July 8, 2016                          Frances E. Cafarell
                                                Clerk of the Court