■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID O. RIVERA, Appellant. [40 NYS3d 687]—

Appeal from an order of the Monroe County Court (Victoria M. Argento, J.), entered March 19, 2015. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*), defendant contends

that County Court erred in denying his request for a downward departure from his presumptive risk level because he met his burden of proving the existence of a mitigating factor to warrant the downward departure, i.e., he had an exceptional response to treatment. We reject that contention. While defendant is correct that "[a]n offender's response to treatment, if exceptional, can be the basis for a downward departure" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]), we conclude that defendant failed to meet his burden of proving by a preponderance of the evidence that his response was exceptional (see People v Butler, 129 AD3d 1534, 1534-1535 [2015], lv denied 26 NY3d 904 [2015]; People v Pendleton, 112 AD3d 600, 601 [2013], lv denied 22 NY3d 861 [2014]). In any event, it is well established that "[a] sex offender's successful showing by a preponderance of the evidence of facts in support of an appropriate mitigating factor does not automatically result in the relief requested, but merely opens the door to the SORA court's exercise of its sound discretion upon further examination of all relevant circumstances" (People v Worrell, 113 AD3d 742, 743 [2014] [internal quotation marks omitted]; see People v Smith, 122 AD3d 1325, 1326 [2014]). Even assuming, arguendo, that defendant established that his response to treatment was exceptional, we nevertheless conclude that the court providently exercised its discretion in denying defendant's request for a downward departure (see Smith, 122 AD3d at 1326). Present—Centra, J.P., Carni, Lindley, Curran and Scudder, JJ.