# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1001

KA 15-00728

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT

V                                        MEMORANDUM AND ORDER

DAVID O. RIVERA, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Monroe County Court (Victoria M. Argento, J.), entered March 19, 2015. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*), defendant contends that County Court erred in denying his request for a downward departure from his presumptive risk level because he met his burden of proving the existence of a mitigating factor to warrant the downward departure, i.e., he had an exceptional response to treatment. We reject that contention. While defendant is correct that "[a]n offender's response to treatment, if exceptional, can be the basis for a downward departure" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 17 [2006]), we conclude that defendant failed to meet his burden of proving by a preponderance of the evidence that his response was exceptional (*see People v Butler*, 129 AD3d 1534, 1534-1535, *lv denied* 26 NY3d 904; *People v Pendleton*, 112 AD3d 600, 601, *lv denied* 22 NY3d 861). In any event, it is well established that "[a] sex offender's successful showing by a preponderance of the evidence of facts in support of an appropriate mitigating factor does not automatically result in the relief requested, but merely opens the door to the SORA court's exercise of its sound discretion upon further examination of all relevant circumstances" (*People v Worrell*, 113 AD3d 742, 743 [internal quotation marks omitted]; *see People v Smith*, 122 AD3d 1325, 1326). Even assuming, arguendo, that defendant established that his response to treatment was exceptional, we nevertheless conclude that the court providently exercised its discretion in

denying defendant's request for a downward departure (*see Smith*, 122 AD3d at 1326).

Entered:  November 10, 2016                    Frances E. Cafarell
                                               Clerk of the Court