People v Secor (2019 NY Slip Op 02759)





People v Secor


2019 NY Slip Op 02759


Decided on April 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 11, 2019

525377

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DAVID SECOR, Appellant.

Calendar Date: March 22, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Paul J. Connolly, Delmar, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from an order of the County Court of Albany County (McDonough, J.), entered June 14, 2017, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
Defendant, then 26, was arrested after a police officer found him in the rear seat of his vehicle having sexual intercourse with a 16-year-old female who he met on Facebook. As a result of this incident, he was convicted of rape in the third degree and was sentenced to two years in prison, followed by 12 years of postrelease supervision. In anticipation of his release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) to determine the risk level classification that defendant should be assigned under the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]). Defendant's total score under the RAI was 90, placing him in the presumptive risk level two classification. The Board, however, recommended a downward departure to risk level one. Following a hearing, County Court disregarded the Board's recommendation, determined that defendant had a total risk factor score of 90 points and classified him as a risk level two sex offender. Defendant appeals.[FN1]
Defendant contends, among other things, that he should not have been assessed 15 points under risk factor 11 because the evidence does not support the conclusion that he abused drugs and/or alcohol. Initially, we note that under SORA, the People bear the burden of proving the facts supporting a defendant's risk level classification by "clear and convincing evidence" [*2](Correction Law § 168-n [3]; see People v Mingo, 12 NY3d 563, 571 [2009]). The assignment of points under risk factor 11 for drug or alcohol abuse is warranted "if an offender has a substance abuse history or was abusing drugs and or alcohol at the time of the offense" (Sex Offender Registration Act Risk Assessment Guidelines and Commentary at 15 [2006]; see People v Gallagher, 129 AD3d 1252, 1253-1254 [2015], lv denied 26 NY3d 908 [2015]). Here, defendant admitted to his regular use of marihuana and alcohol during his presentence interview, and two partially burned marihuana cigarettes were recovered from his vehicle at the time of his arrest. In addition, he claims to have successfully completed a program for drug and alcohol abuse in 2011, and he also participated in an alcohol and substance abuse treatment program in conjunction with his sex offender counseling while in prison on his rape conviction. In view of the foregoing, clear and convincing evidence supports the assessment of 15 points under risk factor 11 (see People v Liddle, 159 AD3d 1286, 1286-1287 [2018], lv denied 32 NY3d 905 [2018]; People v Snay, 122 AD3d 1012, 1013 [2014], lv denied 24 NY3d 916 [2015]; People v Pavlisak, 115 AD3d 1132, 1133 [2014], lv denied 23 NY3d 907 [2014]).
Defendant further contends that, even though the RAI placed him in the presumptive risk level two classification, County Court should have granted a downward departure to risk level one based upon mitigating factors, specifically the victim's agreement to engage in sexual intercourse and her proximity to turning 17, the age of legal consent, at the time of the sexual encounter. Preliminarily, in order to justify a downward departure, it was incumbent upon defendant "to demonstrate, by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines" (People v Kemp, 163 AD3d 1339, 1341 [2018] [internal quotation marks and citations omitted], lv denied ___ NY3d ___ [Mar. 28, 2019]; see People v Parrish, 159 AD3d 1238, 1240 [2018])[FN2]. We note that, under the guidelines, "[a] court may choose to downwardly depart from the presumptive risk assessment 'in an appropriate case and in those instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points [for sexual contact with the victim, risk factor 2] results in an over-assessment of the offender's risk to public safety'" (People v Fryer, 101 AD3d 835, 836 [2012], lv denied 20 NY3d 859 [2013], quoting Sex Offender Registration Act Risk Assessment Guidelines and Commentary at 9 [2006]; see People v Cathy, 134 AD3d 1579, 1580 [2015]; People v Legall, 63 AD3d 1305, 1306-1307 [2009], lv denied 13 NY3d 706 [2009]).
Here, the Board recommended a downward departure on the ground set forth in the above guidelines. Significantly, the victim was to turn 17 only two months after the incident and reported that no force was used and that she was a willing participant. Moreover, the victim had various communications with defendant on Facebook and spent time with him prior to the incident, which appears to have been their only sexual encounter. Notably, County Court declined to grant a downward departure on the basis that defendant had already benefited from the victim's consent by obtaining a light criminal sentence. Clearly, this was not an appropriate factor to be considered under the guidelines. Therefore, under the circumstances presented, we find that defendant established by a preponderance of the evidence the existence of mitigating factors not taken into account by the guidelines and that County Court abused its discretion in denying his request for a downward departure (see generally People v Burke, 68 AD3d 1175, 1176 [2009]; compare People v Cathy, 134 AD3d at 1580; People v Fryer, 101 AD3d at 836; People v Legall, 63 AD3d at 1307). Consequently, defendant's total risk score of 90, which presumptively placed him in the risk level two classification, should be reduced by the 25 points allocable to risk factor 2 (sexual contact with victim), giving him a total risk score of 65 and placing him in the risk level one classification.
Mulvey, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and defendant is classified as a risk level one sex offender under the Sex Offender Registration Act.



Footnotes

Footnote 1: Although the "short form order" utilized by County Court is sufficient to constitute an appealable order, it fails to set forth the findings of fact and conclusions of law required by Correction Law § 168-n (3) (see People v Coe, 167 AD3d 1175, 1176 [2018]). Nevertheless, such findings of fact and conclusions of law are adequately set forth in the transcript of the SORA hearing (see People v Burke, 139 AD3d 1268, 1269 [2016], lv denied 28 NY3d 909 [2016]).

Footnote 2: Although County Court improperly applied the clear and convincing evidence standard to defendant's request for a downward departure, the record is sufficient to permit this Court's review under the preponderance of the evidence standard, thereby rendering remittal unnecessary (see People v Simons, 157 AD3d 1063, 1065 [2018]).