People v Gerros (2019 NY Slip Op 06355)





People v Gerros


2019 NY Slip Op 06355


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, NEMOYER, AND WINSLOW, JJ.


751 KA 19-00510

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JACOB GERROS, DEFENDANT-APPELLANT. 






J. SCOTT PORTER, SENECA FALLS, FOR DEFENDANT-APPELLANT.
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (BRITTANY GROME ANTONACCI OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Cayuga County Court (Mark H. Fandrich, A.J.), entered November 20, 2018. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). Contrary to defendant's contention, County Court properly assessed him 15 points under risk factor 11 for a history of drug or alcohol abuse. According to the SORA Risk Assessment Guidelines and Commentary (2006) (Guidelines), that factor "focuses on the offender's history of [substance] abuse and the circumstances at the time of the offense" (id. at 15). "[T]he fact that alcohol was not a factor in the underlying offense is not dispositive inasmuch as the [G]uidelines further provide that [a]n offender need not be abusing alcohol or drugs at the time of the instant offense to receive points in this category" (People v Cathy, 134 AD3d 1579, 1579 [4th Dept 2015] [internal quotation marks omitted]; see Guidelines at 15). As defendant correctly notes, that risk factor is not meant to include occasional social drinking, and a court may choose to score zero points for that risk factor in instances where the offender abused alcohol in the distant past, but his or her more recent history is one of prolonged abstinence (see People v Madonna, 167 AD3d 1488, 1489 [4th Dept 2018]). Nevertheless, we conclude that, here, the assessment of points under that risk factor was justified inasmuch as the People presented evidence that defendant had been previously diagnosed with alcohol dependence and that he had been convicted of driving while ability impaired in 2011, and defendant admitted to continuing to consume alcohol in social settings (see generally People v Carlberg, 145 AD3d 1646, 1647 [4th Dept 2016]).
Contrary to defendant's further contention, the court did not err in denying his request for a downward departure from his presumptive risk level. Initially, the alleged mitigating factors or circumstances asserted by defendant concerning the nature of his conduct are adequately taken into account by the Guidelines, and thus they are improperly asserted as mitigating factors (see People v Reber, 145 AD3d 1627, 1627-1628 [4th Dept 2016], lv denied 29 NY3d 906 [2017]; see generally People v Gillotti, 23 NY3d 841, 861 [2014]). In addition, "[a]lthough a defendant's response to treatment, if exceptional . . . , may constitute a mitigating factor to serve as the basis for a downward departure," we conclude that, here, defendant failed to establish by a preponderance of the evidence that his response to treatment was exceptional (People v Bernecky, 161 AD3d 1540, 1541 [4th Dept 2018], lv denied 32 NY3d 901 [2018] [internal quotation marks omitted]; see People v Santiago, 137 AD3d 762, 764 [2d Dept 2016], lv denied 27 NY3d 907 [2016]). Finally, even assuming, arguendo, that defendant established that there are personal factors that might warrant a downward departure, we conclude, upon examining all of the relevant circumstances, that the court did not abuse its discretion in denying defendant's [*2]request for a downward departure (see People v Uerkvitz, 171 AD3d 1491, 1492 [4th Dept 2019]; see generally People v Clark, 126 AD3d 1540, 1541 [4th Dept 2015], lv denied 25 NY3d 910 [2015]).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court