People v Love (2019 NY Slip Op 06937)





People v Love


2019 NY Slip Op 06937


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


866 KA 18-00284

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PAUL A. LOVE, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Erie County Court (Thomas P. Franczyk, J.), entered December 21, 2017. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that he was entitled to a downward departure from his presumptive risk level because the victim's inability to consent was due solely to the victim's age. We reject that contention inasmuch as defendant "failed to establish by a preponderance of the evidence any ground for a downward departure from his risk level" (People v Gillotti, 119 AD3d 1390, 1391 [4th Dept 2014]; see People v King, 148 AD3d 1599, 1600 [4th Dept 2017], lv denied 29 NY3d 914 [2017]). "A court may choose to downwardly depart from the risk assessment in an appropriate case and in those instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points [for sexual contact with the victim, risk factor 2] results in an over-assessment of the offender's risk to public safety' " (People v Fryer, 101 AD3d 835, 836 [2d Dept 2012], lv denied 20 NY3d 859 [2013], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 9 [2006]; see People v Cathy, 134 AD3d 1579, 1580 [4th Dept 2015]). Here, although there was no evidence of forcible compulsion, a downward departure is not warranted given the age disparity between the then-55-year-old defendant and the 13-year-old victim and the circumstances surrounding the sexual assault (see Fryer, 101 AD3d at 836; People v Modica, 80 AD3d 590, 592 [2d Dept
2011]).
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court