People v Dean (2019 NY Slip Op 09197)





People v Dean


2019 NY Slip Op 09197


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND NEMOYER, JJ.


1215 KA 16-01905

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHARLES C. DEAN, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered September 21, 2016. The appeal was held by this Court by order entered February 1, 2019, decision was reserved and the matter was remitted to Supreme Court, Erie County, for further proceedings (169 AD3d 1414 [4th Dept 2019]). The proceedings were held and completed. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.) after a conviction of, inter alia, four counts of sodomy in the first degree. We previously held this case, reserved decision and remitted the matter to Supreme Court to comply with Correction Law § 168-n (3) by setting forth the findings of fact and conclusions of law upon which it based its determination (People v Dean, 169 AD3d 1414, 1415 [4th Dept 2019]). Upon remittal, the court held further proceedings and issued an order that fulfilled its obligation under Correction Law § 168-n (3).
Contrary to defendant's contention, the court did not err in denying his request for a downward departure to a level two risk inasmuch as defendant "failed to establish by a preponderance of the evidence any ground for a downward departure from his risk level" (People v Gillotti, 119 AD3d 1390, 1391 [4th Dept 2014]).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court