People v Catalano (2019 NY Slip Op 09214)





People v Catalano


2019 NY Slip Op 09214


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, TROUTMAN, AND BANNISTER, JJ.


1266 KA 18-01551

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
VINCENT CATALANO, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Victoria M. Argento, J.), entered May 8, 2018. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that he was entitled to a downward departure from his presumptive risk level. Defendant is correct that "[a] court may choose to downwardly depart from the presumptive risk assessment level in an appropriate case and in those instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points [for sexual contact with the victim, risk factor 2] results in an over-assessment of the offender's risk to public safety" (People v Cathy, 134 AD3d 1579, 1580 [4th Dept 2015] [internal quotation marks omitted]). Here, however, a downward departure is not warranted given the circumstances surrounding the sexual assault, the age disparity between the 25-year-old defendant and the two 15-year-old victims, the absence of any evidence supporting defendant's allegation that the victims willingly engaged in sexual activity with him, and the fact that defendant is only five points below the threshold for a level three risk (see People v Fryer, 101 AD3d 835, 836 [2d Dept 2012], lv denied 20 NY3d 859 [2013]; cf. People v George, 141 AD3d 1177, 1178 [4th Dept 2016]; People v Carter, 138 AD3d 706, 707-708 [2d Dept 2016]; see generally People v Love, 175 AD3d 1835, 1835 [4th Dept
2019]; Cathy, 134 AD3d at 1580).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court