People v Stevens (2022 NY Slip Op 00581)





People v Stevens


2022 NY Slip Op 00581


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, AND BANNISTER, JJ.


1054 KA 20-01243

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KENNY STEVENS, DEFENDANT-APPELLANT. 






ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 


 Appeal from an order of the Wayne County Court (John B. Nesbitt, J.), dated September 18, 2020. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously modified in the exercise of discretion by determining that defendant is a level one risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.
Memorandum: Defendant appeals from an order classifying him as a level two sex offender stemming from his 1996 conviction in Virginia for the statutory rape of a 14-year-old female "without the use of force." Defendant was 18 years old at the time of the offense, which the Board of Examiners of Sex Offenders characterized as an "isolated incident." Defendant successfully completed both sex offender treatment and substance abuse treatment, and he has not been convicted of any other sex crime. Under these circumstances, we agree with defendant, in the exercise of our own discretion, that his presumptive level two classification overestimates his "dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d 841, 861 [2014]; see People v Carter, 138 AD3d 706, 707-708 [2d Dept 2016]). We therefore modify the order by determining that defendant is a level one risk (see People v George, 141 AD3d 1177, 1178 [4th Dept 2016]; see also People v Brocato, 188 AD3d 728, 728-729 [2d Dept 2020]; People v Fisher, 177 AD3d 615, 615-616 [2d Dept 2019]). Defendant's remaining contention is academic in light of our determination.
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court