People v Torres-Acevedo (2023 NY Slip Op 00587)

People v Torres-acevedo

2023 NY Slip Op 00587

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, BANNISTER, AND MONTOUR, JJ.

959 KA 21-01110

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GUILLERMO J. TORRES-ACEVEDO, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (LEAH N. FARWELL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
KEVIN T. FINNELL, DISTRICT ATTORNEY, BATAVIA (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Genesee County Court (Charles N. Zambito, J.), dated June 24, 2021. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law and in the exercise of discretion by determining that defendant is a level one risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.
Memorandum: Defendant appeals from an order classifying him as a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). Although the risk assessment instrument prepared by the Board of Examiners of Sex Offenders classified defendant as a presumptive level one risk, County Court ordered an upward departure to a level two risk based on the fact that after his initial arrest and release, defendant removed the victim from New York State for the purpose of continuing a months-long sexual relationship.
We conclude there is no basis for an upward departure where, as here, the first alleged aggravating factor of the continuing nature of the crime is adequately taken into account by the risk assessment guidelines (see People v Logsdon, 169 AD3d 1466, 1467 [4th Dept 2019]). The continuing nature of the crime was appropriately assessed under risk factor 4, i.e., continuing course of sexual misconduct. Second, although defendant's further actions in taking the victim across state lines does "constitute an aggravating factor that is, 'as a matter of law, of a kind or to a degree not adequately taken into account by the [risk assessment] guidelines' " (id., quoting People v Gillotti, 23 NY3d 841, 861 [2014]), we nevertheless conclude that factor does not warrant granting an upward departure under the circumstances of this case. We therefore substitute our own discretion (see Logsdon, 169 AD3d at 1467; see generally People v George, 141 AD3d 1177, 1178 [4th Dept 2016]), and we modify the order by determining that defendant is a level one risk.
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court