People v Swartz (2023 NY Slip Op 02418)

People v Swartz

2023 NY Slip Op 02418

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND MONTOUR, JJ.

175 KA 21-00987

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEFFREY T. SWARTZ, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Monroe County Court (Sam L. Valleriani, J.), entered August 24, 2020. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal Nos. 1 and 2, defendant appeals from orders determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq. [SORA]) based upon state and federal convictions, respectively. The SORA determination in appeal No. 1 stems from defendant's 2009 state conviction, upon his plea of guilty, of rape in the third degree, and the determination in appeal No. 2 stems from defendant's 2010 federal conviction, upon his plea of guilty, of attempted production of child pornography. Based on the risk assessment instruments prepared by the Board of Examiners of Sex Offenders, defendant was a presumptive level two risk for the state offense and a presumptive level one risk for the federal offense, but in both appeals County Court determined that an upward departure to a level three risk was warranted. Defendant effectively contends on appeal that the court erred in granting the People's request for an upward departure in each appeal and that the court should have, instead, granted his request for a downward departure to a level one risk in appeal No. 1 and adjudicated him in accordance with his presumptive level one risk in appeal No. 2. We reject that contention.
Contrary to defendant's assertion, his acceptance of responsibility, lack of criminal history, and completion of sex offender treatment while incarcerated and continued engagement in therapy do not constitute proper mitigating factors inasmuch as those circumstances were adequately taken into account by the risk assessment guidelines (see People v Mann, 177 AD3d 1319, 1320 [4th Dept 2019], lv denied 35 NY3d 902 [2020]; People v Rivera, 144 AD3d 1595, 1596 [4th Dept 2016], lv denied 28 NY3d 915 [2017]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 13-17 [2006] [Guidelines]; see generally People v Gillotti, 23 NY3d 841, 861 [2014]). Although an offender's response to sex offender treatment, if exceptional, may provide a basis for a downward departure (see Guidelines at 17; Rivera, 144 AD3d at 1596), we conclude that defendant failed to meet his burden of proving by a preponderance of the evidence that his response to treatment was exceptional (see Mann, 177 AD3d at 1320; People v Davis, 170 AD3d 1519, 1520 [4th Dept 2019], lv denied 33 NY3d 907 [2019]). With respect to defendant's assertion that his past employment history is a mitigating circumstance, we conclude that defendant "failed to demonstrate by a preponderance of the evidence how this alleged mitigating circumstance would reduce his risk of sexual recidivism or [*2]danger to the community" (Davis, 170 AD3d at 1520; see People v Alfred M., 172 AD3d 493, 494 [1st Dept 2019], lv denied 33 NY3d 914 [2019]).
Defendant also asserts as a mitigating circumstance the fact that his state conviction stemmed from consensual sexual relationships with two 15-year-old victims when he was between 20 and 21 years old. "[A] court may choose to depart downward [from the presumptive risk assessment level] in an appropriate case and in those instances where (i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points [under risk factor 2 for sexual contact with the victim] results in an over-assessment of the offender's risk to public safety" (Guidelines at 9; see People v Catalano, 178 AD3d 1460, 1461 [4th Dept 2019], lv denied 35 NY3d 906 [2020]; People v George, 141 AD3d 1177, 1178 [4th Dept 2016]). Here, however, despite the lack of forcible compulsion, it cannot be said that the 25 points assessed for sexual contact with the victims "result[ed] in an over-assessment" of defendant's risk to public safety (Guidelines at 9) given defendant's repeated sexual intercourse with two victims whom he met through friendships with their siblings and knew to be less than the age of consent, the reliable hearsay evidence that one of the victims contracted a sexually transmitted infection from defendant, and defendant's subsequent federal conviction arising from his possession and sharing of child pornography (see People v Askins, 148 AD3d 1598, 1599 [4th Dept 2017], lv denied 29 NY3d 912 [2017]; People v Cathy, 134 AD3d 1579, 1580 [4th Dept 2015]; cf. People v Stevens, 201 AD3d 1344, 1345 [4th Dept 2022]; George, 141 AD3d at 1178; People v Goossens, 75 AD3d 1171, 1172 [4th Dept 2010]).
Finally, even assuming, arguendo, that defendant adequately identified mitigating circumstances not adequately taken into account by the Guidelines and proved the existence thereof by a preponderance of the evidence (see generally Gillotti, 23 NY3d at 861), we conclude that the aggravating circumstances that the People established by clear and convincing evidence, which defendant does not dispute on appeal, outweighed the mitigating circumstances, and the totality of the circumstances thus warranted an upward departure to avoid an under-assessment of defendant's dangerousness and risk of sexual recidivism (see People v Cottom, 207 AD3d 1243, 1245 [4th Dept 2022]; People v Mangan, 174 AD3d 1337, 1339 [4th Dept 2019], lv denied 34 NY3d 905 [2019]; see generally Gillotti, 23 NY3d at 861). Consequently, the court did not abuse its discretion in denying defendant's request for a downward departure in appeal No. 1 and granting the People's request for an upward departure to a level three risk in appeal Nos. 1 and 2.
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court